**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DWAYNE FULTON, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|     v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:10-CR-0336-RWS-1 |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL FILE NO. |
| | : | 1:11-CV-0801-RWS |

## ORDER

Movant, Dwayne Fulton, has filed this 28 U.S.C. § 2255 motion, in which he challenges his judgment and conviction entered in this Court under the above criminal docket number. The motion is now before the Court pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rule 4").[1] For the reasons discussed below, Movant's motion to vacate is due to be denied.

## I.  Background

Movant was charged with the knowing possession of a stolen firearm and, in August 2010, pleaded guilty to that charge. (Doc. No. 1; Doc. No. 3, "Guilty Plea and Plea Agreement.") In exchange, the government, among other things, agreed that it

---

[1] Rule 4(b) requires this Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."

would not bring further criminal charges against Movant related to the charge to which he pleaded guilty, agreed that it would dismiss indictment number 1:08-cr-252 against Movant, and agreed to a binding sixty-month sentence.[2] (Doc. No. 3, "Guilty Plea and Plea Agreement" at 4, 6-7.) Both parties agreed "that there exist[ed] no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the binding agreement to a sentence of **60 months** imprisonment" and agreed that "neither party [could] request any variance resulting in a sentence of imprisonment other than **60 months**." (Id. at 8.) Movant voluntarily and expressly waived the right to appeal his conviction and sentence and the right to collaterally

---

[2] The Court notes that

> Defendants can obtain concessions in exchange for their promises in plea agreements only if those promises are credible. A defendant . . . who promises not to appeal, and then appeals anyway (requiring the United States to invest in the appeal the prosecutorial resources it sought to conserve), injures other defendants who plan to keep their promises, but can't distinguish themselves from those who sign with their fingers crossed behind their backs.
>
> . . . If the defendant does not keep his promises, the prosecutor is not bound either. This is established for broken agreements to cooperate. A defendant who . . . does not carry through, forfeits the benefits of the agreement, and the United States is free to reinstate dismissed charges and continue the prosecution.

United States v. Hare, 269 F.3d 859, 862-63 (7th Cir. 2001).

2

AO 72A
(Rev.8/8
2)

attack his conviction and sentence in a § 2255 motion, except in limited circumstances not applicable here.  (Id. at 9.)  Movant certified that he had read and carefully reviewed the plea agreement with his attorney, understood it, and voluntarily agreed to it.  (Id. at 12.)  At the plea hearing, the prosecutor and the Court went over the appeal waiver with Movant, and Movant stated that he understood.[3]  The Court accepted Movant's guilty plea, and in a judgment and commitment order entered on November 24, 2010, the Court sentenced Movant to a sixty-month term of imprisonment.  (Doc. No. 9.)  In accord with the plea agreement, the Court granted the government's motion to dismiss the indictment against Movant in criminal action 1:08-CR-252.  (Docket Entry on 11/22/2010.)

On March 11, 2011, Movant filed this § 2255 motion, in which he asserts that a twelve-month downward reduction of his sentence is warranted based on (1) inhumane conditions, (2) overcrowding and resulting unsanitary conditions, (3) exposure to harsh chemicals, and (4) exposure to staph and other communicable diseases during his pre-sentence detention.  (Doc. No. 10, Attach.)

---

[3] A certified transcript of the hearing may be ordered from this Court's Court Reporter.

3

## II.  <u>Discussion</u>

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  This Court will grant a hearing on a motion to vacate unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." <u>Fontaine v. United States</u>, 411 U.S. 213, 215 (1973) (quoting § 2255).  Because "the motion and the files and records of the case conclusively show that [Movant] is entitled to no relief," <u>Fontaine</u>, 411 U.S. at 215 (quoting § 2255), an evidentiary hearing is not warranted.

A sentence appeal waiver is valid if it is knowing and voluntary.  <u>United States v. Bushert</u>, 997 F.2d 1343, 1350-51 (11th Cir. 1993).  A sentence appeal waiver is enforceable if "either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  <u>Id.</u> at 1351.  Moreover, release from custody or a shortening of one's sentence, under the federal habeas statute or 28 U.S.C. § 2255, is

AO 72A
(Rev.8/8
2)

not a remedy for unconstitutional conditions that are, or were, a part of otherwise lawful confinement.  See Fernandez v. United States, 941 F.2d 1488, 1494 (11th Cir. 1991) ("Section 2255 is not applicable to [medical-condition] claims"); Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) ("relief of an Eighth Amendment violation does not include release from confinement").

Here, the Court specifically reviewed with Movant his appeal waiver and was satisfied that he understood the rights he was waiving.  The appeal waiver is enforceable, and Movant may not now bring a collateral attack to his sentence. Moreover, as stated above, § 2255 is not available to challenge conditions of confinement.

## III.  Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists

AO 72A
(Rev.8/8
2)

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v . McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotations omitted).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, _, 129 S. Ct. 681, 684 n.3 (2009) (quotations omitted, citing Slack, 529 U.S. at 484).

Movant's failure to state a claim for § 2255 relief is undebatable, and a COA is unwarranted.  Because this court "has denied the certificate, the applicant may request a circuit judge to issue it."  Fed. R. App. P. 22(b)(1).

## IV.   **Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Movant's motion (Doc. No. 10) to vacate, set aside, or correct his federal sentence is **DENIED**.

6

**IT IS FURTHER ORDERED** that a COA is **DENIED**.

**IT IS SO ORDERED**, this  30th  day of March, 2011.


RICHARD W. STORY
United States District Judge

AO 72A
(Rev.8/8
2)